UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

WAYNE PERRYMAN,

    Plaintiff,

    v.

DEMOCRATIC NATIONAL COMMITTEE, et al.,

    Defendants.

CASE NO. C05-722C

ORDER

      This matter comes before the Court on Plaintiff Wayne Perryman's Response to this Court's Order to Show Cause (Dkt. Nos. 6, 7) and Defendant Democratic National Committee's Motion to Dismiss (Dkt. No. 11).  The Court has carefully considered the papers submitted by the parties and hereby finds and rules as follows:

      Plaintiff alleges that members of the Democratic Party have engaged in a pattern of overt, systematic racism against African Americans over the past two hundred years in violation of the Civil Liberties Act of 1988 and 42 U.S.C. § 1983.  He brings this suit as a class action and seeks certification of a class of all living African American citizens.  Plaintiff requests various monetary and equitable relief including: (1) the issuance of a formal apology "for the wrong that was committed during the duration of the Defendants' tenure as an organization or political party"; (2) funding for educational projects

ORDER – 1

depicting all events that "reflect the true relationship between blacks and Democrats from 1792 to 1965" and distribution of these projects to all schools and public libraries in the United States; (3) payment of a consulting fee to Plaintiff and other consultants of his choice for their work in developing these projects; and (4) fees and expenses incurred in this action and the related case *Perryman v. Democratic National Committee, et al.*, C04-2442P.

On May 10, 2005, this Court issued a Minute Order directing Plaintiff to show cause why the current action should not be dismissed for lack of standing and failure to state a claim pursuant to Fed. R. Civ. P. 12(b)(1) and (6). Without standing, this Court lacks jurisdiction and must dismiss Plaintiff's Complaint. *See Lujan v. Defenders of Wildlife*, 504 U.S. 555, 559-60 (1992). To establish standing, Plaintiff must show: (1) an "injury in fact," (2) causation, and (3) redressability. *Id.* at 560-61. To show he suffered an injury in fact, Plaintiff must establish that the injury is (1) concrete and particularized, and (2) actual or imminent. *Id.* at 560. Derivative and general injuries are not sufficient to satisfy the injury in fact requirement. *In re African-American Slave Descendants Litigation*, 304 F. Supp. 2d 1027, 1047 (N.D. Ill. 2004); *Cato v. United States*, 70 F.3d 1103, 1109-1110 (9th Cir. 1995).

Plaintiff argues that the effect that his fear and mistrust of whites has had on his life constitutes the requisite injury in fact. His mother grew up in the segregated South and was subject to Jim Crow laws. She imparted her fear of whites to him and made it difficult for him to sleep as a child. Plaintiff alleges that this fear continued into his adult years, harming his academic performance and affecting his ability to obtain and retain employment.

These alleged injuries are not sufficient to establish standing. They stem from the injury inflicted on African Americans over two-hundred years ago and affect the entire African American community. As such, they are derivative and generalized and therefore do not constitute an injury in fact.

The Court finds that Plaintiff has not established that he has standing. Accordingly, the Court hereby GRANTS Defendants' Motion to Dismiss.

//

ORDER – 2

SO ORDERED this __22nd__ day of July, 2005.

_____
UNITED STATES DISTRICT JUDGE

ORDER – 3